SISELMAN v. COHEN et al.

(Supreme Court, Appellate Term.  December 13, 1898.)

WRONGFUL DISCHARGE OF SERVANT.
   Where a servant's violations of duty are repeated from time to time until
   his discharge, the entire course of his conduct may be considered, in deter-
   mining whether the discharge was justified, even though the master re-
   tained the servant, knowing of his misconduct.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Morris Siselman against Harris Cohen and another.  There
was a judgment for plaintiff, and defendants appeal.  Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-
GERICH, JJ.

John Bogart, for appellants.
Morris Hillquit, for respondent.

PER CURIAM.  This action was brought to recover damages for
the wrongful discharge of the plaintiff from the service of the defend-
ants.  The cause was tried before the justice and a jury.  The conten-
tion of the defendants was that the discharge was justified by the
misconduct of the plaintiff.  It is true that the testimony of the de-
fendant Cohen as to what took place at the time of the alleged dis-
charge is susceptible of a construction that there was no discharge,
but that the plaintiff voluntarily abandoned his employment.  We do
not, however, think it material to consider this aspect of the proofs,
in view of the fact that the justice, in charging the jury, stated the
question to be determined by them in the action was whether there
was a wrongful discharge of the plaintiff or not.  No exception was
taken by the defendants' attorney to the charge, nor did he ask the
court to instruct the jury that they should also consider the question
as to whether or not the plaintiff had voluntarily resigned his employ-
ment.  The entire charge rested upon the assumption that the plaintiff
had been discharged by the defendants; it being left to the jury, as we
have said, to determine the facts from which it might be concluded,
under the instructions of the judge upon the law of the case, whether
or not the discharge was unlawful.  The plaintiff claims that on the
20th day of July, at about 5 o'clock in the afternoon, he became ill and
unable to work; that he so informed the defendants, and with their
assent he left the shop and went home; that his illness continued
during the forenoon of the following day, but that he returned at
about noon, and, on offering to resume his work, was summarily dis-
charged.  The defendants gave a different version of what took place,

their claim being that he said nothing whatsoever about being ill, but left his work without any excuse whatsoever, and without their permission; that he was not ill, as he claimed, but occupied himself in looking after his personal matters during the entire time that he was absent. There was evidence in the case which, if believed, was amply sufficient to support this contention.

There was proof tending to show that the plaintiff had been guilty of acts of insubordination and neglect of duty shortly preceding the date of his discharge, and it was doubtless with respect to this that the counsel for the plaintiff requested the justice below to charge, as he did, the following proposition:

"I ask the court to charge that if a contract of employment has been violated by an employé, and the employer, with knowledge of such violation, retains him in his employ, that then the violation is not ground for a subsequent discharge."

The jury might well have understood from the charge thus given that there had been a complete waiver of all previous misconduct, and that the action of the defendants in finally discharging the plaintiff was to be measured solely by the last act which preceded the discharge. There was evidence in the case on the part of the defendants tending to show that on the day before his dismissal the plaintiff was neglecting his work, and, on being remonstrated with by one of the defendants for his neglect of duty, he stated that he did not want to work, and proceeded to light a cigar and to dance in the workroom. The defendant Warshawsky, who related this incident, in which he was supported by another witness, was asked on the trial why he did not discharge the plaintiff at that time; and his reply was, "I thought he would do better."

The law applicable to the question under review is clearly stated by Andrews, C. J., in the case of Gray v. Shepard, 147 N. Y. 177, 41 N. E. 500. At page 183, 147 N. Y., and page 501, 41 N. E., he says:

"The claim that the defendant, by retaining the plaintiff in his employment after knowledge of violations of duty, thereby condoned these offenses, and that they could not thereafter be used as grounds for discharge, is without force, in view of the fact that his violations were committed from time to time continuing until the discharge. The master may overlook breaches of duty in the servant, hoping for reformation; but if he is disappointed, and the servant continues his course of unfaithfulness, he may act in view of his whole course of conduct, in determining whether the contract of employment should be terminated."

Considering the state of the evidence in the case at bar, we think that the charge in question was erroneous, and might well have influenced the verdict which was rendered in favor of the plaintiff, inasmuch as the jury might well have considered it as excluding from their consideration the evidence which was given with respect to the plaintiff's conduct during the whole time of his employment, whereas the defendants were entitled to have it fully considered by them. The judgment must therefore be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event.